## WHITFIELD *vs.* THE STATE.

The condition of a recognizance was, to appear and answer an indictment for *gaming*. The condition, as stated in the *scire facias* upon the recognizance, was, to appear and answer an indictment for *keeping a gaming-table.* HELD, no variance.

Sci. FA. on recognizance, tried in Pulaski Circuit Court, in March, A. D. 1841, before the Hon. JOHN J. CLENDENIN, one of the Circuit Judges. William B. Greenlow, and Arthur Whitfield as his security, entered into recognizance for the appearance of Greenlow in that Court, " to answer an indictment preferred against him for *gaming.*" Greenlow failing to appear, a *scire facias* issued, stating the condition of the recognizance to have been, that Greenlow would appear and answer an indictment "for keeping a gaming-table." The *scire facias* being served on Whitfield alone, the suit was discontinued as to Greenlow, and Whitfield pleaded *nul tiel record,* on which the State took issue, and judgment was rendered for the State. Whitfield sued his writ of error.

*Trapnall & Cocke,* for the plaintiff.

A recognizance to appear and answer an indictment for gaming, is void. *West vs. the Commonwealth,* 3 *J. J. Marshall,* 642.

Accurate description of records, in pleading, is rigorously exacted by all courts; and this Court has evinced a most unrelenting devotion to the principle, in the case of *Caldwell vs. Bell,* 3 *Ark.* 419; but no reasonable relaxation of the rule could confound the charges of

"*gaming*," and "*keeping and exhibiting a faro table*," and admit proof of the one under an allegation of the other. Gaming is a generic term, and embraces a great many kinds of hazard, but could not comprehend the keeping and exhibiting of a faro table; because, although a game may be, and is proven to have been, played on the table, yet the game itself is not the offence charged in the statute, but merely the evidence of it; the playing of the game on the table being evidence against the dealer of "*the keeping and exhibiting a faro table.*"

R. W. *Johnson, Atto. Gen.*, contra, insisted that the general term gaming *included* the special offence of keeping a gaming-table, and cited 3 *Leon.* 243; *Hob.* 209; *Felter vs. Mulliner*, 2 *J. R.* 181; *Stoddart vs. Palmer*, 10 *Eng. Com. Law Rep.* 4; 7 *Mass.* 68; 2 *J. R.* 96, 127; 2 *Conn.* 194.

*By the Court*, DICKINSON, J.

The object of the act of the Legislature, passed upon the subject of gaming, was to suppress and punish every species of vice of that kind that was known to exist, or that might afterwards arise.

The mischief being highly prejudicial to the best interests of society, and in every way demoralizing in its consequences, and destructive of the prosperity and good order of the State, hence the Legislature used very general and comprehensive terms to suppress the evil of gaming, and advance the remedy, to put a stop to all such practices.

The party bound himself in the recognizance, that the individual charged should appear and answer to the indictment for gaming. He was liable for his appearance for keeping or exhibiting a gaming-table, for that is certainly one species of gaming, and is included in the general words of description. The *scire facias*, in setting out the recognizance, truly describes the bond, when it states, it was for keeping and exhibiting a gaming-table; for we hold that to be gaming, within the meaning of the recognizance and the act of the Legislature. The production of the record then proved the charge, and there is no substantial variance between the recognizance set out in the *scire facias*, and that produced upon the trial.

Judgment affirmed.